IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00085-01-CR-W-DGK |
| | ) | |
| EDWARD J. ALBERTY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Alberty's Supplemental Motion to Suppress Evidence and Statement (doc #46). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On March 10, 2015, a criminal complaint was filed against defendant Edward J. Alberty. On March 25, 2015, the grand jury returned a one-count indictment against defendant Alberty. The indictment charges that on March 9, 2015, defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm.

On December 21, 2015, defendant filed a Motion to Suppress Evidence and Statement. A hearing was held on February 10, 2016. The undersigned issued a Report and Recommendation on April 4, 2016, recommending that the Court enter an order denying defendant's Motion to Suppress Evidence and Statement. On May 3, 2016, Judge Kays adopted the Report and Recommendation and denied defendant's Motion to Suppress Evidence and Statement.

While the Court found that the officers were justified in conducting a Terry stop of defendant, the Court expressed no opinion as to the lawfulness of the frisk of defendant Alberty. As set forth in the Report and Recommendation:

> [B]ecause Mr. Alberty matched the description of the individual causing the disturbance at the Family Dollar, officers had the requisite suspicion in order to perform a valid Terry stop. … Normally, that does not end our analysis. In order to conduct a frisk, the officers had to have reasonable suspicion that Mr. Alberty was armed and dangerous. … However, the motion to suppress challenged only the stop and not the frisk. Because no evidence or argument was offered as to the reasonable[ness] of the frisk, the Court need not address whether the officers in this case were reasonable in conducting a frisk of defendant following the Terry stop.

(Doc #40 at 10-11)

On May 27, 2016, defendant filed a Supplemental Motion to Suppress Evidence and Statement. Defendant moves to suppress all evidence, and testimony related to such evidence, obtained as a result of the frisk of defendant's person on March 9, 2015. Defendant argues that the frisk violated his Fourth Amendment rights because the police did not have reasonable suspicion that defendant was armed and dangerous.

On July 13, 2016, the undersigned conducted an evidentiary hearing on the supplemental motion to suppress. Defendant Alberty was represented by Assistant Federal Public Defender Carie Allen. The Government was represented by Assistant United States Attorney Joseph Marquez. The Government called Officer Alexander Skinner of the Kansas City, Missouri Police Department as a witness. The defense called no witnesses to testify.

## II. FACTS

On the basis of the evidence adduced at the evidentiary hearing held on July 13, 2016, the undersigned submits the following proposed findings of fact:

1. On March 9, 2015, Officer Alexander Skinner and his partner, Officer Patrick Lewis, were dispatched to 4601 Brush Creek in Kansas City, Missouri, on an active disturbance at a Family Dollar store. (Tr. at 3-5) The officers contacted the reporting party, Mr. Zaragoza, who was an employee at the store. (Tr. at 4) Mr. Zaragoza told the officers that he had observed a male having an altercation with an unknown female outside the store. (Tr. at 4) The male then came inside the store, yelling at Mr. Zaragoza. (Tr. at 4) Mr. Zaragoza said that the male was acting erratically and kept reaching down in his pants saying I'm not afraid to go back to jail. (Tr. at 4) Mr. Zaragoza was frightened and felt threatened. (Tr. at 4) Mr. Zaragoza led the officers to believe that the male might be armed. (Tr. at 5, 15, 18) Officer Skinner testified:

   > [Mr. Zaragoza] kind of gave us the impression that since most people carry their handguns in their waistband, kind of that motion of reaching down your pants to pull out a weapon. Because that's typically where people keep handguns, if they don't have a holster, is in their waistband.

   (Tr. at 15-16) Officer Skinner testified that he asked Mr. Zaragoza if he felt that the male might have a weapon and although Mr. Zaragoza did not say that he saw a gun or that a gun was pointed at him, he confirmed that the male might have a weapon by his pantomiming of and saying that the male put his hands down his pants in the manner of people who keep their weapons in their waistbands. (Tr. at 18) The officers were in the store getting this information from Mr. Zaragoza for only a few minutes. (Tr. at 4)

2. The officers went outside to canvass the area for the male who had caused the disturbance. (Tr. at 5) It only took a minute or so for the officers to make contact with defendant Alberty, who matched the description of the male who had caused the disturbance and who was only a block away from the Family Dollar store. (Tr. at 5)

3. Based on the information provided by Mr. Zaragoza, the officers exited their vehicle as quickly as possible. (Tr. at 6) Officer Skinner testified:

   > Due to the nature of the call being the party might be armed we – you know, training is to get out of the vehicle. You don't want to be caught in a vehicle if a party does open fire, so you want to get out of the vehicle and make contact with that party as soon as you can.

   (Tr. at 8) Officer Skinner ordered defendant Alberty to put his hands on the vehicle. (Tr. at 9) Officer Skinner testified that he wanted to frisk Alberty due to the fact that the officers had information that he may be armed. (Tr. at 9) Officer Skinner testified that he frisked Alberty for officer safety. (Tr. at 11) Officer Skinner testified that "priority number one was to determine whether or not he had an accessible weapon." (Tr. at 17)

4. Officer Skinner felt the butt of a handgun in defendant Alberty's front left pocket and then placed Alberty in handcuffs. (Tr. at 10-11) Officer Skinner removed a handgun from Alberty's pocket. (Tr. at 11)

## III. DISCUSSION

As the Court set forth in its previous Report and Recommendation, in order to conduct a frisk, the officers had to have reasonable suspicion that defendant Alberty was armed and dangerous. See Sibron v. New York, 392 U.S. 40, 64 (1968). In determining whether the officers had reasonable suspicion, courts must determine whether a "'reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.'" United States v. Horton, 611 F.3d 936, 941 (8th Cir. 2010)(quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)).

Given the suspect's behavior in the Family Dollar store as described to the officers by the store employee who had called for police assistance, specifically the actions of the suspect reaching into his pants as though he had a weapon and the statement by the suspect that he was not afraid to go back to jail, the Court finds that the officers had a reasonable suspicion that the suspect may be armed and dangerous. Defendant Alberty matched the physical description of the suspect and was located by the officers within a block of the Family Dollar store. The Court has already ruled that the officers had the requisite suspicion in order to perform a valid Terry stop. The officers did not exceed the scope of the Terry stop by conducting a protective frisk of defendant Alberty for officer safety. See Horton, 611 F.3d at 941 ("Here, officers had information from the cab driver that the suspect may be carrying a knife, and Horton matched the physical description of the suspect. The district court properly found that police did not exceed the scope of the Terry stop by conducting a protective frisk for weapons.")

4

## IV. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Alberty's Supplemental Motion to Suppress Evidence and Statement (doc #46).

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

　　　　　　　　　　　　　　　　　　　　*/s/ Sarah W. Hays*
　　　　　　　　　　　　　　　　　　　　SARAH W. HAYS
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE